# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE R. WHEELER, | Case No. 1:15-cv-00663-AWI-SKO  HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE PETITION FOR LACK OF JURISDICTION |
| v. | |
| JOE LIZARRAGA, Warden, | |
| Respondent. | (Docs. 1 and 13) |

Petitioner is a state prisoner serving a fourteen-year term of imprisonment for robbery.  He is proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This Court previously denied a petition for writ of habeas corpus arising from the same conviction.  *See Wheeler v. Martel,* 2011 WL 1566021 (E.D. Cal. April 25, 2011) (No. 1:09-cv-1678-DLB HC).

## I.    Preliminary Screening

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## II.    Second Petition

Because Petitioner filed this petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply.  *Lindh v. Murphy*, 521

1

U.S. 320, 327 (1997).  When AEDPA applies, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new retroactive constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish, by clear and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A) and (B).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed.  28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").  This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals.  *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996).  In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition.  *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Petitioner presents no indication that he has obtained an order from the Ninth Circuit authorizing the filing of yet another successive petition attacking his 1995 conviction.  As a result, this Court lacks jurisdiction to consider the petition and must dismiss it.  *See Greenawalt*, 105 F.3d at 1277.

**III.   Reconsideration Motion Moot**

If the Court adopts the recommendation to dismiss the petition for lack of jurisdiction, it need not reach Petitioner's motion for appointment of counsel (Doc. 13).

**IV.   Conclusion and Recommendation**

The undersigned RECOMMENDS that the Court dismiss the petition for writ of habeas corpus for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __July 25, 2015__              _____/s/ **Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE