# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE R. WHEELER,<br><br>        Petitioner,<br><br>   v.<br><br>JOE LIZARRAGA, Warden,<br><br>        Respondent. | Case No. 1:15-cv-00663-AWI-SKO HC<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

On September 14, 2009, Petitioner filed a petition for writ of habeas corpus, alleging three grounds for relief from a 2008 conviction for first degree robbery. The District Court denied the petition on April 25, 2011; the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability on August 24, 2012.

On April 15, 2015, Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 regarding the same 2008 conviction for first degree robbery but alleging different grounds for habeas relief. In findings and recommendations, the Magistrate Judge recommended that the petition be dismissed for lack of jurisdiction as required by 28 U.S.C. § 2244(b). On September 8, 2015, the District Court adopted the findings and recommendations and dismissed the petition for lack of jurisdiction. Petitioner then filed an appeal to the Ninth Circuit Court of Appeals.

The Ninth Circuit Court of Appeals has remanded the case to this Court for the limited person granting or denying a certificate of appealability. The Court declines to issue a certificate of appealability.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Dismissal was required by 28 U.S.C. § 2244 because the petition was successive; reasonable jurists could not disagree with the Court's dismissal of the petition in this case.

///

///

**ORDER**

The Court hereby DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   January 20, 2016                          /s/ signature
                                                   SENIOR DISTRICT JUDGE